**CV 13-5515**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RODERICK GRAY,

                Plaintiff,

-against-

CITY OF NEW YORK, SALVATORE SACCO, Individually,
DOMINICK LATORRE, Individually, "JOHN" ANDERSON,
Individually, BESNIK LLAKATURA, Individually,
"JOHN" SANTORO, Individually, BRUCE CEPARANO,
Individually, GREGORY PERNICONE, Individually,

                Defendants.

-----------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

BLOCK, J.

GOLD, M.J.

      Plaintiff RODERICK GRAY, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

    4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff RODERICK GRAY is a thirty-seven year old African American man presently residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, SALVATORE SACCO, DOMINICK LATORRE, "JOHN" ANDERSON, BESNIK LLAKATURA, "JOHN" SANTORO, BRUCE CEPARANO, and GREGORY PERNICONE, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. Defendants Ceperano and Pernicone were supervisors. The individually named defendants are each sued in their individual capacities.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On October 6, 2010, beginning at approximately 2:30 p.m., plaintiff was operating a motor vehicle in the vicinity of St. Joseph Avenue and Nicholas Avenue in Staten Island, New York, when he slowed down due to a traffic situation involving the NYPD.

13. For no apparent reason, a defendant NYPD officer, believed to be officer SALVATORE SACCO, stated to plaintiff, in sum and substance, fuck you.

14. Plaintiff responded by lawfully stating, in sum and substance, fuck off.

15. Plaintiff continued to move his vehicle forward on Nicholas Avenue.

16. Plaintiff thereafter stopped at a store on the corner of Treadwell Avenue and Castleton Avenue, Staten Island, New York.

17. As plaintiff returned to his vehicle, he observed the same officer who swore at him, believed to be defendant SACCO, drive up to him. SACCO was accompanied by his partner, "JOHN" ANDERSON.

18. Defendant officers DOMINICK LATORRE, BESNIK LLAKATURA, and "JOHN" SANTORO also arrived at the scene separately from SACCO and ANDERSON.

19. Defendant officer SACCO and his partner, ANDERSON, stopped their vehicle, approached plaintiff, and SACCO stated, in sum and substance, what did you say to me?

20. Plaintiff responded.

21. SACCO then stated, in sum and substance, I don't like this nigger's attitude, opened the door to plaintiff's vehicle, and pulled plaintiff out of his vehicle.

3

22. Once plaintiff was out of the vehicle, defendant officers, believed to include SACCO, LATORRE, ANDERSON, LLAKATURA, and SANTORO, assaulted plaintiff by slamming plaintiff against his vehicle, punching plaintiff in the face and ribs, and throwing him to the ground.

23. Once plaintiff was on the ground, the defendant officers repeatedly struck him in the back, and handcuffed him.

24. After plaintiff was in handcuffs, he was picked up and forced face down on the hood of a vehicle.

25. Plaintiff tried to lift his face off the hood of the vehicle because it was very hot.

26. Officer SACCO slammed plaintiff's face down on the hood again, stating in sum and substance, didn't I tell you don't move.

27. While plaintiff was still restrained by handcuffs, SACCO forcefully and unreasonably twisted plaintiff's left arm.

28. Plaintiff felt a pop in his left arm and numbness in his fingers.

29. Plaintiff was thereafter imprisoned in a police vehicle and transported to the NYPD 120th police precinct located at 78 Richmond Terrace in Staten Island, New York.

30. Once at the precinct, plaintiff repeatedly requested medical treatment.

31. In response to plaintiff's repeated requests for treatment, plaintiff was told to wait. Plaintiff was never provided with said treatment, despite his serious medical needs.

32. Defendants BRUCE CEPARANO and GREGORY PERNICONE, NYPD supervisors holding the rank of Sergeant, approved of, authorized, and signed off on plaintiff's arrest.

33. In allowing plaintiff's arrest and imprisonment to continue without obtaining

4

necessary medical treatment for plaintiff's serious injury, defendants CEPARANO and PERNICONE acted with deliberate disregard to plaintiff's serious medical needs.

34. On October 7, 2010, the defendants caused plaintiff to be transported in police custody to Richmond County Criminal Court, despite being aware of his serious medical needs.

35. On that date, upon information and belief, either police officers or court officers assigned to monitor pre-arraignment detainees at Richmond County Criminal Court refused to allow plaintiff to be arraigned unless he received medical treatment for his serious injuries.

36. Plaintiff was thereafter transported to Richmond University Medical Center, where he was for the first time treated starting at approximately 4:44 p.m., on October 7, 2010.

37. Plaintiff sought additional treatment on subsequent dates and was thereafter diagnosed with, *inter alia*, a fracture of the coronoid process of his left arm.

38. The above acts of brutality were in retaliation for plaintiff's exercise of his right to free speech and due to discrimination against plaintiff based on his race.

39. The defendant NYPD officers SACCO, LATORRE, ANDERSON, LLAKATURA, and SANTORO participated in some or all of the above acts of brutality, or were otherwise present and aware of said acts, and failed to intervene despite having a reasonable opportunity to do so.

40. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, due to discrimination against plaintiff based on his race, and pursuant to a custom or practice of falsification.

41. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs

Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, disproportionally use force against African American individuals and are otherwise inadequately trained and supervised with regard to racial sensitivity, that many NYPD officer improperly use force against individuals in retaliation for their lawful exercise of individuals' rights to free speech; and that they engage in falsification.

42. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

43. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

44. As a result of the foregoing, plaintiff RODERICK GRAY sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "44" with the same force and effect as if fully set forth herein.

46. All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

47. All of the aforementioned acts deprived plaintiff RODERICK GRAY, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

50. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. As a result of the foregoing, plaintiff RODERICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff RODERICK GRAY'S constitutional rights.

54. As a result of the aforementioned conduct of defendants, plaintiff RODERICK GRAY was subjected to excessive force and sustained physical injuries.

55. As a result of the foregoing, plaintiff RODERICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

58. As a result of the foregoing, plaintiff RODERICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The defendants assaulted and battered plaintiff RODERICK GRAY, because of his national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

61. As a result of the foregoing, plaintiff RODERICK GRAY was deprived of his rights under the Equal Protection Clause of the United States Constitution.

62. As a result of the foregoing, plaintiff RODERICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The acts of the defendants were in retaliation for plaintiff's exercise of his First Amendment freedom of speech and expression, and not in response to any unlawful acts of the plaintiff.

65. As a result of the aforementioned conduct of defendants, plaintiff was subjected to retaliation for the exercise of their First Amendment rights.

66. As a result of the foregoing, plaintiff RODERICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

67. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants had an affirmative duty to intervene on behalf of plaintiff RODERICK GRAY, whose constitutional rights were being violated in their presence by other officers.

69. The defendants failed to intervene to prevent the unlawful conduct described herein.

70. As a result of the foregoing, plaintiff RODERICK GRAY was subjected to excessive force, and he was put in fear of his safety.

71. As a result of the foregoing, plaintiff RODERICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. The supervisory defendants, Ceperano and Pernicone, personally caused plaintiff RODERICK GRAY'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

74. As a result of the foregoing, plaintiff RODERICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

75. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

77. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals in retaliation for their lawful exercise of free speech, and due to discrimination against individuals based on their race and/or nationality.

78. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff RODERICK GRAY'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

79. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff RODERICK GRAY.

80. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RODERICK GRAY as alleged herein.

81. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff RODERICK GRAY as alleged herein.

82. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RODERICK GRAY was subjected to excessive force.

83. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff RODERICK GRAY'S constitutional rights.

84. All of the foregoing acts by defendants deprived plaintiff RODERICK GRAY of federally protected rights, including, but not limited to, the right:

    A. To be free from the use of excessive force and/or the failure to intervene;

    B. To be free from deliberate indifference to serious medical need;

    C. To receive equal protection under law;

    D. To be free from retaliation for exercise of their First Amendment rights.

85. As a result of the foregoing, plaintiff RODERICK GRAY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff RODERICK GRAY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 4, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff RODERICK GRAY
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

13